IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY E. SMITH, JR.;<br>Plaintiff;<br><br>v.<br><br>SANGAMON COUNTY SHERIFF'S DEPARTMENT; NEIL WILLIAMSON, individually and in his official capacity as Sheriff of Sangamon County; TERRY DURR, individually and in his official capacity as Superintendent of the Sangamon County Detention Facility; WILLIAM STRAYER, individually and in his official capacity as Assistant Superintendent of the Sangamon County Detention Facility; LT. BRENTZ, individually and in his official capacity with the Sangamon County Sheriff's Department; and<br>FICTITIOUS PARTIES A THROUGH M, individually and in their official capacities as staff and officers of the SANGAMON COUNTY SHERIFF'S DEPARTMENT;<br>Defendants. | Case No. 07-3150<br>JURY DEMAND<br><br>FILED<br>JUN 0 8 2007<br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS |

COMPLAINT

NOW COMES Plaintiff, JIMMY E. SMITH, JR., and complaining against Defendants, states as follows:

<u>Jurisdiction</u>

1. This Court has jurisdiction over the parties to this dispute, as the Defendants are government officials of Sangamon County.

1

2. This Court has jurisdiction over the subject matter of this dispute, as the events giving rise thereto occurred in Sangamon County, Illinois; and as the dispute concerns questions arising under the Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983.

3. In addition, this Court has diversity jurisdiction in this action, as Plaintiff is a resident of Indiana, and all Defendants reside and serve as government officials in Illinois.

### Count I: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983: All Defendants

1. Plaintiff was an inmate in the Sangamon County Detention Facility ("the jail") on or about June 8, 2005.

2. Plaintiff was incarcerated for a nonviolent crime, and had no known violent propensities.

3. Defendants placed one Jason Newell, an inmate with violent propensities known to Defendants, in a cellblock with Plaintiff, prior to June 8, 2005.

4. On June 8, 2005, without provocation, inmate Newell severely and savagely beat Plaintiff, including throwing him on his head stomping on the middle of his back, and knocking him unconscious.

5. Placing Newell, known by Defendants to be violent, in the same cellblock along with nonviolent persons such as Plaintiff, amounts to a deliberately indifferent failure to protect Plaintiff's safety, and thus to a violation of Plaintiff's Eighth Amendment rights.

6. Had Newell been segregated into a separate cellblock from nonviolent inmates such as Plaintiff, Plaintiff would not have been beaten and injured as he was.

7. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer great physical and emotional distress, including but not limited to the following injuries:

   a. multiple fractures;

   b. herniated discs;

   c. brain swelling and bleeding;

   d. nerve damage to his back;

   e. post traumatic stress disorder;

   f. recurring and persistent nightmares;

   g. shaking hands; and

   h. depression and anxiety.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

### Count II: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983: Defendants Fictitious Parties A through M

Plaintiff realleges Paragraphs 1 through 7 of Count I, and incorporates them as Paragraphs 1 through 7 of Count II.

8. Following the severe beating of Plaintiff by Newell, in which *inter alia* Newell slammed Plaintiff to the ground on his head, at least two correctional officers assigned to guard the jail (FICTITIOUS PARTIES A AND B) found Plaintiff lying on the floor unconscious, and attempted to make him walk, despite his obvious head, neck, and back injuries.

9. Finding no success making Plaintiff walk, Defendants A and B dragged Plaintiff to and placed him upright in a wheelchair.

10. Defendants A and B then placed Plaintiff in a Sheriff's police car and drove him to the hospital.

11. All other inmates had moved away from Plaintiff when Defendants A and B approached him, and there was thus no need to move Plaintiff.

12. Indeed, due to the nature of Plaintiff's injuries, Plaintiff should not have been moved until he could be placed in a c-collar and on a backboard.

13. Defendants C through M, nursing staff with the jail, also denied Plaintiff adequate pain medication and bedding following his return from hospitalization.

14. The extreme and egregious refusal to administer proper medical treatment to Plaintiff amounts to a deliberately indifferent failure to protect Plaintiff's health and safety, and thus to a violation of Plaintiff's Eighth Amendment rights.

15. The above actions by Defendants proximately and directly caused Plaintiff's injuries as described above.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

### Count III: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983: Defendants Sangamon County Sheriff's Department, Williamson, Durr, Strayer, and Brentz

Plaintiff realleges Paragraphs 1 through 15 of Count II, and incorporates them as Paragraphs 1 through 15 of Count III.

16. Defendants' failure to adequately train Defendants A through M, proximately caused the extreme and egregious refusal to administer proper medical treatment to Plaintiff, and as such, amounts to a deliberately indifferent failure to protect Plaintiff's health and safety, and thus to a violation of Plaintiff's Eighth Amendment rights.

17. The above actions by Defendants proximately and directly caused Plaintiff's injuries as described above.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

### Count IV: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983; Defendants Sangamon County Sheriff's Department, Williamson, Durr, Strayer, and Brentz

Plaintiff realleges Paragraphs 1 through 17 of Count III, and incorporates them as Paragraphs 1 through 17 of Count IV.

18. With deliberate, reckless indifference, Defendants having supervisory authority approved of, facilitated, condoned, and turned a blind eye toward the tortious conduct toward Plaintiff described in Counts I, II, and III.

19. Such deliberate and reckless indifference was made manifest by Defendants' failure to investigate the incidents properly, failure to provide Plaintiff with information regarding the incidents despite his numerous requests, failure to notify Plaintiff's immediate family members about his severe injuries, and failure to discipline the wrongdoers who committed the tortious acts.

20. The above actions by Defendants proximately and directly caused Plaintiff's injuries as described above.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

### Count V: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983: All Defendants

Plaintiff realleges Paragraphs 1 through 20 of Count IV, and incorporates them as Paragraphs 1 through 20 of Count V.

21. Defendants engaged in a pattern of retaliation against Plaintiff following his filing of grievances and other attempts (while incarcerated) to contact his attorney, Defendant Williamson, and others, seeking resolution and information regarding the tortious acts committed against him by Defendants.

22. Such retaliatory acts included (but were not limited to):

    a. constant verbal and physical harassment;

    b. unwarranted confiscation of personal property;

    c. refusal to provide information regarding his attack;

    d. placing Plaintiff in cellblocks with other known violent persons in the jail; and

    e. denial of necessary pain medication.

23. Defendants' actions amount to a deliberately indifference toward Plaintiff's rights, and thus to a violation of Plaintiff's Eighth Amendment rights.

24. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer great physical and emotional distress.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

PLAINTIFFS DEMAND TRIAL BY JURY

JIMMY E. SMITH, JR., Plaintiff

By: ___s/ Jason R. Craddock___
Jason R. Craddock
Attorney for Plaintiff
Post Office Box 1514
Sauk Village, Illinois 60412
Phone: (708) 662-0945
Fax: (708) 753-1242