IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JIMMY E. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3150 |
| | ) | |
| SANGAMON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, NEIL | ) | |
| WILLIAMSON, TERRY DURR, | ) | |
| WILLIAM STRAYER, LT. ENOS | ) | |
| BRENTZ, FICTITIOUS PARTIES | ) | |
| A THROUGH M, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants' Motion to Dismiss (d/e 9). Plaintiff Jimmy E. Smith filed a Response (d/e 19) to Defendants' Motion. For the reasons stated below, the Motion to Dismiss is allowed in part and denied in part.

## FACTS

In this 42 U.S.C. § 1983 action, Smith alleges that Defendants violated his Eighth and Fourteenth Amendment rights to be free of cruel

and unusual punishment and to be afforded the privileges and immunities of citizens of the United States. As Defendants he names: the Sangamon County Sheriff's Department; the Sheriff of Sangamon County, Neil Williamson; the Superintendent of the Sangamon County Detention Facility (the Detention Facility), Terry Durr; the Assistant Superintendent of the Detention Facility, William Strayer; Lieutenant Brentz, an officer with the Sangamon County Sheriff's Department; and 13 unnamed individuals -- Fictitious Parties A-M.

For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all inferences in favor of the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Here, for the purpose of ruling on the pending Motion, the Court accepts as true the allegations in Smith's Complaint (d/e 1).

According to the Complaint, Smith suffered a severe beating from a fellow inmate on June 8, 2005. Smith was incarcerated at the Detention Facility for a nonviolent crime. He was housed in a cellblock with Jason Newell, an inmate whom Defendants knew to be violent. On June 8, 2005,

without provocation, Newell attacked Smith. He threw Smith on his head, stomped on his back, and knocked him unconscious. Smith suffered multiple fractures, herniated discs, nerve damage, post traumatic stress disorder, and brain swelling and bleeding.

After the attack, two correctional officers -- Fictitious Parties A and B -- found Smith unconscious on the floor. The other inmates had retreated. Despite Smith's obvious head injuries, the two officers tried to make him stand up and walk; when they were unsuccessful, they dragged him to a wheelchair and placed him upright in the chair. They then wheeled him to a police car and drove him to the hospital. When Smith returned from the hospital, Detention Facility nursing staff -- Defendants C through M -- denied Smith adequate pain medication and bedding.

According to Smith, Defendants Williamson, Durr, Strayer, Brentz (collectively, the Supervisory Defendants), and the Sangamon County Sheriff's Department failed to provide Fictitious Parties A-M adequate medical training. They also failed to inform Smith's immediate family members of his injuries and to investigate the beating properly or provide Smith with information he requested regarding the attack. Additionally, Smith alleges that they failed to discipline "the wrongdoers." Complaint,

3

¶ 19.  Finally, Smith alleges that all Defendants participated in retaliatory acts against him after he filed grievances regarding the attack and attempted to contact his attorney, Defendant Williamson, and others to obtain information and resolve the issue.  Specifically, Defendants subjected Smith to constant verbal and physical harassment, confiscated his personal property, denied him pain medication, placed him in cellblocks with other known violent inmates, and refused to provide him information.

Smith's Complaint, filed June 8, 2007, includes five counts alleging violations of the Eighth and Fourteenth Amendments.  In Count I, Smith alleges that all Defendants violated his Eighth and Fourteenth Amendment rights.  Specifically, he alleges that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment and his Fourteenth Amendment right to due process when they placed Newell in a cellblock with him and then failed to protect him from Newell.

In Count II, Smith alleges that Fictitious Parties A and B's handling of him immediately following the beating amounted to a failure to protect his health and safety.  Additionally, Smith charges Fictitious Parties C-M with refusing to provide proper medical treatment after he returned from the hospital and, thus, failing to protect his health and safety.

In Count III, Smith raises allegations against the Sangamon County Sheriff's Department and the Supervisory Defendants. He alleges that these Defendants failed to train Fictitious Parties A-M adequately.

Count IV also is directed at the Sangamon County Sheriff's Department and the Supervisory Defendants. It alleges that these parties had supervisory authority and facilitated, condoned, and turned a blind eye toward the conduct alleged in Counts I-III.

Finally, in Count V, Smith alleges that all Defendants retaliated against him for filing grievances and attempting to contact his attorney.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. When a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss. EEOC v. Concentra Health Svs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In Bell Atlantic, the Supreme Court rejected the old formula under which a complaint could not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

5

claim which would entitle him to relief." Bell Atlantic, 127 S.Ct. at 1968. Now, "it is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief." Concentra Health Svs., Inc., 496 F.3d at 777 (internal citations and quotation marks omitted; emphasis in original).  The Court analyzes arguments for dismissal as they apply to each Defendant.

A.   INDIVIDUAL DEFENDANTS

First, the Court considers the Defendants' arguments for dismissal of the claims against the Supervisory Defendants and the Fictitious Defendants. It analyzes the official and individual capacity claims and then addresses a statute of limitations issue regarding the Fictitious Defendants.

1.   Official Capacity Claims

Smith has sued the Supervisory Defendants and Fictitious Parties in their official and individual capacities.  All of these Defendants are employees of Sangamon County, either the Sangamon County Sheriff's Department or the Sangamon County Detention Facility.  Both are governmental entities.  See DeGenova v. Sheriff of Dupage County, 209 F.3d 973, (7th Cir. 2000).  Suing county employees in their official capacities is equivalent to suing the county itself.  Jungels v. Pierce, 825

6

F.2d 1127, 1129 (7th Cir. 1987). Thus, in any claim in which the Sangamon County Sheriff's Department also is named as a defendant, claims against the other Defendants in their official capacities are redundant and should be dismissed. <u>Robinson v. Sappington</u>, 351 F.3d 317, 340 (7th Cir. 2003). The Court dismisses all of the official capacity claims against the Supervisory Defendants and the Fictitious Parties in Counts I, III, IV, and V with prejudice. The Sangamon County Sheriff's Department is not a named Defendant in Count II, so the Court dismisses the Count II claims against Fictitious Parties A-M in their official capacities without prejudice. If Smith chooses to replead, however, the municipality would be the true Defendant for those claims, and naming it as Defendant would simplify matters.

    2.    <u>Time-Barred Fictitious Parties</u>

Defendants also argue that all claims against Fictitious Parties A-M are barred by the statute of limitations. Fictitious Parties A-M clearly are only placeholder Defendants. To succeed against these parties, Smith eventually must file an amended complaint naming them. Presumably, once he learns their identities through discovery, he intends to do so. But to do so, he must be able to establish that the amended complaint relates back to the

original complaint.  See Sassi v. Breier, 584 F.2d 234, 235 (7th Cir. 1978).

"It has long been the law in this circuit that Rule 15(c)(3) permits an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998); see also Fed. R. Civ. P. 15(c)(3).  Lack of knowledge of a party's identity does not constitute error or mistake, however.  Id.  And "in the absence of a mistake in the identification of the proper party, it is irrelevant . . . whether or not the purported substitute party knew or should have known that the action would have been brought against him."  Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir. 1980).

Before taking on the major point of contention here -- whether Smith made a mistake concerning the identity of the proper parties -- the Court notes that on the official capacity claims, it does not matter.  As discussed above, by naming the Fictitious Parties in their official capacities, he effectively named the municipality.  Only the Count II individual capacity claims remain, but the Court holds that the Defendants' statute of limitations argument does not apply to the Count II claims against

Fictitious Defendants A-M in their official capacities.

Defendants' argument does apply to the individual capacity claims, however. On those, Smith made no mistake regarding the Fictitious Parties' identities when he filed his Complaint. He admits that he has yet to "discern the names of the fictitious parties." See Memorandum in Reply to Defendants' Motion to Dismiss (d/e 9), at 6. That is why plaintiffs file complaints against "fictitious" defendants.

Smith argues that the Court cannot make such a finding now, because the issue is factual, but his reliance on Donald v. Cook County Sheriff's Dept. is misplaced. See Donald, 95 F.3d 548 (7th Cir. 1996). Indeed, the Seventh Circuit flatly rejected this position in Baskin:

> In *Donald*, a pro se prisoner plaintiff sought to bring a § 1983 action against certain individual jailers. In his first complaint, however, Mr. Donald did not name the individual defendants, but instead named only the Sheriff's Department. Mr. Donald later sought to amend his complaint to name the individual defendants, but the district court denied his motion because the amendment adding the new defendants would have been untimely and would not have related back under Rule 15(c)(3). This court reversed the district court's decision and remanded the case for a determination of whether any of the individual defendants had such notice of the institution of the action that [they] will not be prejudiced in maintaining a defense on the merits. The situation presented by this case is clearly different from that presented in *Donald*. In that case, the plaintiff satisfied the "mistake" requirement of Rule 15(c)(3) -- he filed

9

> his original complaint under the mistaken impression that he could effectively sue the individual defendants by naming the Sheriff's Department. By contrast, in this case, Mr. Baskin simply did not know the name of the proper defendant. Furthermore, in *Donald*, the plaintiff was a pro se plaintiff and, as such, should have been given special consideration by the district court. In this case, Mr. Baskin was represented by counsel and thus entitled to no special consideration. Instead, Mr. Baskin must bear the consequences of his . . . procedural lapses and mistakes in pleading, even if the result is the denial of relief which is otherwise well-deserved.

Baskin, 138 F.3d at 704 n.1 (internal quotation marks and citations omitted). The same points apply here. Thus, an amended complaint naming the Fictitious Parties in their individual capacities would not relate back to Smith's original Complaint. If the statute of limitations would bar claims against these Defendants now, they must be dismissed.

The statute of limitations in a § 1983 action is set by the statute of limitations for personal injury actions in the state where the incident underlying the claim occurred. King v. One Unknown Federal Correctional Officer, 201 F.3d 910, 913 (7th Cir. 2000). Here, the beating and its aftermath allegedly took place at the Sangamon County Detention Facility, in Illinois. Thus, Smith's action is governed by Illinois' two-year statute of limitations. 735 ILCS 5/13-202.

The statute of limitations for Count I, alleging that all Defendants

10

failed to protect Smith from Newell, expired two years after the beating on June 8, 2005. Smith filed his Complaint on June 8, 2007, the last day permitted. The Count II allegations against Fictitious Parties A and B relate to the time period immediately following the attack. The Complaint does not specify the time of day the attack occurred, but even if it happened in the last hour of June 8, 2005, Fictitious Parties A and B must have moved Smith and arranged his hospital transport on June 9, 2005, at the latest. Thus, the statute of limitations on their involvement in Count II expired either June 8, 2007, or June 9, 2007. Regarding the claim that Fictitious Parties C-M failed to provide adequate medical care to Smith on his return to the Sangamon County Detention Facility from the hospital, however, the Complaint does not provide a time period. Thus, it is impossible to determine from the Complaint when the statute of limitations calculation should start. Similarly, Count V's allegation that all Defendants retaliated against Smith for filing grievances and contacting his attorney is not time-specific. From the face of the Complaint, the time at which the statute of limitations clock began to tick is impossible to fix.

    At this stage, then, the Court cannot find that the Count V individual capacity claims against Fictitious Parties A-M or the Count II individual

capacity claims against Fictitious Parties C-M are barred by the statute of limitations. The same is not true for the others. Because the statute of limitations clearly has run on the Count I individual capacity claims against all Fictitious Parties and the Count II individual capacity claims against Fictitious Parties A and B, those claims are dismissed with prejudice.

    3.    <u>Individual Capacity Claims</u>

Finally, the Court addresses the individual capacity claims against the Supervisory Defendants and Fictitious Parties C-M. Defendants argue that Smith failed to allege personal involvement by the Supervisory Defendants, and the Court agrees. Individual liability under § 1983, no matter what the constitutional theory, must be based on personal responsibility. <u>Schultz v. Baumgart</u>, 738 F.2d 231, 238 (7th Cir. 1984). "An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." <u>Rascon v. Hardiman</u>, 803 F.2d 269, 273 (7th Cir. 1986) (emphasis in original) (omitting internal quotation marks). The Supervisory Defendants may be individually liable if they: (1) participated directly in the alleged constitutional deprivations; (2) acted or failed to act with reckless disregard of Smith's constitutional rights; or (3) directed the conduct that violated Smith's constitutional rights or knew of it and

consented to it. Id. at 274; Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

Smith alleges none of these forms of liability against the Supervisory Defendants. In contrast to Smith's allegations against the Fictitious Parties in Count II, his Complaint fails to make any allegations regarding the Supervisory Defendants' possible involvement in any of the incidents at issue. He names them as Defendants, but does no more. While Defendants do not address it, the same is true of his claims against the Fictitious Parties in Count V. Notice pleading does not require much, but a plaintiff must at least "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic, 127 S. Ct. at 1964-65 n.3. Smith must at least notify Defendants of whether he alleges personal involvement.

Additionally, Defendants are correct that the Count III failure to train claims against the Supervisory Defendants in their individual capacities are improper. In the Eighth Amendment context, failure to train claims may only be maintained against a municipality. Brown v. Budz, 398 F.3d 904, 918 (7th Cir. 2005). Even if Smith were to allege personal involvement, Count III's claims against the Supervisory Defendants in their individual capacities would not survive. Thus, the Court dismisses Count III's claims

13

against the Supervisory Defendants with prejudice. It dismisses the remaining claims against the Supervisory Defendants and the Count V claims against the Fictitious Defendants without prejudice.

B. MUNICIPAL DEFENDANTS

Finally, the Court considers the claims against the municipal Defendants. Smith raises claims against the Sangamon County Sheriff's Department in all counts but Count II. These claims, along with Count II's claims against Fictitious Parties A-M in their official capacities, fail to allege municipal liability, however. They are dismissed without prejudice.

Municipalities are not vicariously liable in litigation under § 1983. Taylor v. Carmouche, 214 F.3d 788, 791 (7th Cir. 2000). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691 (1978) (emphasis in original). A municipality can be found liable under § 1983 only if the defendant's constitutional rights were violated pursuant to municipal policy or custom. Id. at 694.

To allege an unconstitutional municipal policy or custom, a plaintiff must reference: "(1) an express policy that causes a constitutional

14

deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." Chortek v. City of Milwaukee, 356 F.3d 740, 750 (7th Cir. 2004).

Smith raises failure to protect, failure to train, and retaliation claims. Nowhere does the Complaint reference an express policy. Similarly, it fails to allege that any of the alleged deprivations at issue occurred pursuant to entrenched custom. Finally, Smith failed to allege that a final policymaker caused his injuries. Defendant Williamson -- as Sheriff -- had final policymaking authority over the Sangamon County Detention Facility. See DeGenova, 209 F.3d at 976. But, the Complaint contains no allegation that Sheriff Williamson was personally involved in the incidents at issue, much less that he himself caused Smith's injuries. It is possible to hypothesize that any of these methods of proving municipal liability may be viable options for Smith, but that is no longer enough to get him past the motion to dismiss stage. See Concentra Health Svs., Inc., 496 F.3d at 777. Thus, all claims against the Sangamon County Sheriff's Department and the Count II official liability claims against the Fictitious Defendants are

dismissed without prejudice.

THEREFORE, Defendants' Motion to Dismiss (d/e 9) is ALLOWED in part and DENIED in part. The Count I claims against all Fictitious Parties, the Count II claims against Fictitious Parties A and B in their individual capacities, and the Count V claims against Fictitious Parties A-M in their official capacities are dismissed with prejudice. All claims against Defendants Williamson, Durr, Strayer, and Brentz in their official capacities are dismissed with prejudice. Count III against Defendants Williamson, Durr, Strayer, Brentz in their individual capacities is dismissed with prejudice. All other claims against Defendants Williamson, Durr, Strayer, Brentz in their individual capacities are dismissed without prejudice. The Count V claims against Fictitious Parties A-M in their individual capacities are dismissed without prejudice. All claims against the Sangamon County Detention Facility and the Count II claims against Fictitious Parties A-M in their official capacities are dismissed without prejudice. All that remains are the Count II claims against Fictitious Parties C-M in their individual capacities. This matter is referred to Magistrate Judge Byron G. Cudmore for scheduling.

IT IS THEREFORE SO ORDERED.

ENTER: June 17, 2008

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE