IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMY E. SMITH, JR.; </br> Plaintiff; </br> </br> v. </br> </br> SANGAMON COUNTY SHERIFF'S </br> DEPARTMENT; NEIL WILLIAMSON, </br> individually as Sheriff of Sangamon County; </br> TERRY DURR, individually as Superintendent </br> of the Sangamon County Detention Facility; </br> WILLIAM STRAYER, individually as Assistant </br> Superintendent of the Sangamon County </br> Detention Facility; LT. ENOS BRENTS, </br> individually; </br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | Case No. 07-cv-3150 |

## THIRD AMENDED COMPLAINT

NOW COMES Plaintiff, JIMMY E. SMITH, JR., and complaining against Defendants, states as follows:

### Jurisdiction

1. This Court has jurisdiction over the parties to this dispute, as the Defendants are government officials of Sangamon County.

2. This Court has jurisdiction over the subject matter of this dispute, as the events giving rise thereto occurred in Sangamon County, Illinois; and as the dispute concerns questions arising under the Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983.

### Count I: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983: Sangamon County Sheriff's Department

1. Plaintiff was an inmate in the Sangamon County Detention Facility ("the jail") on or about June 8, 2005.

2. Plaintiff was incarcerated for a nonviolent crime, and had no known violent propensities.

3. Defendants placed one Jason Newell, an inmate with violent propensities known to Defendant, in a cellblock with Plaintiff, prior to June 8, 2005.

On June 8, 2005, without provocation, inmate Newell severely and savagely beat Plaintiff, including throwing him on his head stomping on the middle of his back, and knocking him unconscious.

4. Defendants incarcerated Plaintiff under conditions posing a substantial risk of serious harm to him by placing him in the same cellblock as Newell, and acted with deliberate indifference to that risk in so doing as well.

5. Placing Newell, known by Defendant to be violent, in the same cellblock along with nonviolent persons such as Plaintiff, amounts to a deliberately indifferent failure to protect Plaintiff's safety, and thus to a violation of Plaintiff's Eighth Amendment rights.

6. Had Newell been segregated into a separate cellblock from nonviolent inmates such as Plaintiff, Plaintiff would not have been beaten and injured as he was.

7. As a matter of policy and custom, and despite the altercations that inevitably follow, Defendant places inmates with known violent propensities in cellblocks with inmates incarcerated for nonviolent crimes who do not have known propensities to violence. At the time of his incarceration, other inmates incarcerated for nonviolent crimes who do not have known propensities to violence were placed in the same cellblock with inmates with known violent

propensities. In addition, as alleged below, Defendants places Plaintiff in the same cellblock as inmates with known violent propensities on occasions subsequent to the incident involving Newell.

8.      As a direct and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer great physical and emotional distress, including but not limited to the following injuries: multiple fractures; herniated discs; brain swelling and bleeding; nerve damage to his back; post traumatic stress disorder; recurring and persistent nightmares; shaking hands; and depression and anxiety.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

<u>Count II: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983:
Sangamon County Sheriff's Department</u>

1.      Plaintiff realleges all subsequent allegations and incorporates them into Count II.

2.      Following the severe beating of Plaintiff by Newell, in which inter alia Newell slammed Plaintiff to the ground on his head, at least two correctional officers assigned to guard the jail found Plaintiff lying on the floor unconscious, and attempted to make him walk, despite his obvious head, neck, and back injuries.

3.      Finding no success making Plaintiff walk, the two correctional officers dragged Plaintiff to and placed him upright in a wheelchair.

4.  The two officers then placed Plaintiff in a Sheriff's police car and drove him to the hospital.

5.  All other inmates had moved away from Plaintiff when the officers approached him, and there was thus no need to move Plaintiff.

6.  Indeed, due to the nature of Plaintiff's injuries, Plaintiff should not have been moved until he could be placed in a c-collar and on a backboard.

7.  Nurses employed by the jail also denied Plaintiff adequate pain medication and bedding following his return from hospitalization.

8.  Defendant Sangamon County Sheriff's Department maintains a well-settled practice, or custom, of demonstrating deliberate indifference toward the health, safety, and constitutional rights of inmates by denying them proper bedding, medication, and other items vital to their physical needs, including but not limited to a 2003 incident in which an inmate (Larry A. Hudson) with diabetes and seizures died in the jail due to Defendants failure to administer proper medication, and an incident in which an inmate (Daniel Imlay) was denied a blanket for over 24 hours following incarceration during winter, forcing him to sleep inside of his mattress to stay warm.

9.  The extreme and egregious refusal to administer proper medical treatment to Plaintiff, and the custom serving as the basis of said refusal, amounts to a deliberately indifferent failure to protect Plaintiff's health and safety, and thus to a violation of Plaintiff's Eighth Amendment rights.

10. The above actions by Defendants proximately and directly caused Plaintiff's injuries as described above.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

Count III: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983: Defendant Sangamon County Sheriff's Department

1.  Plaintiff realleges all previous allegations and incorporates them into Count III.

2.  Defendant was on notice of a pattern of constitutional violations resulting from the inadequate training of jail personnel in recognizing medical need. Its failure to provide further training is tantamount to a deliberate or conscious decision on the part of Defendant to allow its employees to refuse to administer proper medical treatment to Plaintiff.

3.  Defendants' failure to adequately train its correctional officers and nursing staff proximately caused the extreme and egregious refusal to administer proper medical treatment to Plaintiff (including what was alleged in Count I immediately following the beating by Newell, and what was alleged in Count II following Plaintiff's return from the hospital) and as such, amounts to a deliberately indifferent failure to protect Plaintiff's health and safety, and thus to a violation of Plaintiff's Eighth Amendment rights.

4.  The above actions by Defendants proximately and directly caused Plaintiff's injuries as described above.

WHEREFORE, premises considered, Plaintiff requests a finding and

judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

<u>Count IV: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983: Defendants Sangamon County Sheriff's Department, and individually, Defendants Williamson, Durr, Strayer, and Brentz</u>

1.      Plaintiff realleges all previous allegations and incorporates them into Count IV.

2.      With deliberate, reckless indifference, Defendants having supervisory authority approved of, facilitated, condoned, and turned a blind eye toward the tortious conduct toward Plaintiff described in Counts I, II, and III.

3.      Such deliberate and reckless indifference is reasonably inferred by Defendants Williamson, Durr, Strayer, and Brents' failure to investigate the incidents properly when requested to do so by Plaintiff repeatedly, their failure to provide Plaintiff with information regarding the incidents despite his numerous requests, their failure to notify Plaintiff's immediate family members about his severe injuries, and their failure to discipline the wrongdoers who committed the tortious acts.

4.      Defendant Sangamon County Sheriff's Department maintains a policy and custom of deliberate indifference to the health, safety, and well-being of inmates by approving of, facilitating, condoning, and turning a blind eye toward tortious conduct of the type directed at Plaintiff described in Counts I, II, and III, as such has ocurred on other occasions with other inmates, including the examples of

Larry Hudson and Daniel Imlay (described in Count II).

5. Defendants' failure to act in this regard shows reckless disregard for Plaintiff's constitutional rights.

6. The above actions by Defendants proximately and directly caused Plaintiff's injuries as described above.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

Count V: Violation of Eighth and Fourteenth Amendments and 42 U.S.C. §1983: Sangamon County Sheriff's Department and individually, all other Defendants

1. Plaintiff realleges Plaintiff realleges all previous allegations and incorporates them into Count V.

2. Defendants engaged in a pattern of retaliation against Plaintiff following his filing of grievances and other attempts (while incarcerated) to contact his attorney, Defendant Williamson, and others, seeking resolution and information regarding the tortious acts committed against him by Defendants.

3. Such retaliatory acts included (but were not limited to): constant verbal and physical harassment from correctional officers and other jail employees; unwarranted confiscation of personal property by correctional officers and other jail employees; Defendants Williamson, Durr, Strayer, and Brents' refusal to provide information regarding his attack; placing Plaintiff in cellblocks with other known violent persons in the jail (even after his hospitalization following the

beating by Newell), pursuant to the jail's policy and custom as alleged above; and denial of necessary pain medication as alleged above.

4. Defendant Sangamon County Sheriff's Department maintains a policy and custom of retaliating against inmates who exercise their rights to seek redress for perceived wrongs by attempting to file grievances per proper procedure, contacting counsel, and complaining to jail officials with supervisory authority such as Defendant Williamson, as evidenced by their retaliatory acts toward other inmates, including Daniel Imlay, who was slammed to the floor of his cell by correctional officers in retaliation for exposing the fact that the officers had denied him a blanket for over 24 hours following incarceration during winter.

5. Defendants' actions amount to a violation of Plaintiff's Eighth Amendment rights.

6. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer great physical and emotional distress.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendants, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

PLAINTIFFS DEMAND TRIAL BY JURY

        JIMMY E. SMITH, JR., Plaintiff

    By: ___s/ Jason R. Craddock___
        Jason R. Craddock
        Attorney for Plaintiff
        Post Office Box 1514
        Sauk Village, Illinois 60412

Phone: (708) 662-0945
Fax: (708) 753-1242

CERTIFICATE OF SERVICE

The foregoing document was filed electronically with this the above-captioned Court, and said filing caused an electronic copy to be served upon the following, on January 26, 2009:

Andrew M. Ramage
Hinshaw & Culbertson LLP
400 S. 9th St., Suite 200
Springfield, IL 62701
Phone: 217-528-7375
Fax: 217-528-0075
E-mail: aramage@hinshawlaw.com

s/Jason R. Craddock

PAGE 11